The judgment of the court was pronounced by
Rost, J.
The firm of Morgan, Dorsey 4* Co., and Greenbury Dorsey individually, made a voluntary surrender of their property to their creditors. Among the effects placed by Dorsey on his bilan, as his private property, was a lot of ground situated in the faubourg Annunciation. This property had been acquired by Dorsey pending his marriage with Emily B. PacJcwood, who had died previous to the surrender, leaving two minor children, the original plaintiffs in this suit. By agreement between them, Mrs. Neville is now the sole party plaintiff, and claims the undivided moiety of the lot surrendered by Dorsey, alleging that the share of her mother vested in her heirs at the time of her death, and that it could not have been legally surrendered by her father, four years after that event, for the payment of his own debts. The judgment of the district court was in favor of the plaintiff, and the defendants appealed.
The defence is, that no community interest ever attached or devolved upon the heirs of Mrs. Dorsey, because of the insolvency of Dorsey at the pei’iod of the purchase of the property in question, and at the period of Mrs. Dorsey's death; and that all legal interest in the property of Dorsey is rightfully vested in his syndic, for the benefit of his creditors.
The evidence of the insolvency of Dorsey at the time his wife died, is not satisfactory.
We agree with the district judge, that this case is not analogous to those in which innocent purchasers of community property, the price of which has been paid and applied to the extinguishment of community debts, have been protected against the claims of the heirs of the wife, based on defects of form in the alienation of the property.
The property claimed now stands in the hands of the syndic of the creditors of Dorsey as it was surrendered by the insolvent. It is not even shown that any of the debts proved in the concurso were community debts. No equity, therefore, has intervened which can defeat the title to one undivided half of it, vested in the plaintiff by the death of her mother. Broussard v. Bernard et als. 7 L. R. 222. German v. Gay et al. 9 L. R. 580. Morris v. Covington, 2d Ann. 259.
When, four years after the death of his wife, Dorsey ceded this property to his creditors, his legal title only extended to one-half of it, and he could surrender no more. The creditors of the communily, if there were any, may'have had *382 rights upon the other half; but those rights were out of the syndicate. It is , , „ „„ , . . . urged, that the succession of Mrs. Dorsey was never opened, and continued an hcer editas jacens. The only consequence of that state of things would be to enable the creditors to acquire the entire property by the prescription of ten years, under the cessio bonorum. But the plea of prescription has not been made, and we cannot supply it, nor do we know that it could be sustained. C. C. 3426.
If there are creditoi’s of the community whose claims are still in existence, they will be benefitted by the course pursued. The plaintiff, by proceeding as she has done, has made herself liable for one-half of them, and their recourse against the property still subsists.
The judgment is therefore affirmed, with costs.